UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: *EX PARTE* APPLICATION PURSUANT TO 28 U.S.C. § 1782 FOR AN ORDER TO TAKE DISCOVERY OF TANYA CHUCK HABIB FOR USE IN A FOREIGN PROCEEDING | No. 21-MC-522 (KMK)<br><br>ORDER |

KENNETH M. KARAS, United States District Judge:

On July 21, 2021, the Law Office of Shaikh Fahim Al Qasimi ("QLP" or "Applicant") filed an Application pursuant to 28 U.S.C. § 1782 (the "Application") to serve two subpoenas on Tanya Chuck ("Chuck" or "Respondent") seeking documents and testimony for use in a foreign proceeding pending in the United Arab Emirates ("UAE") Execution Court against Respondent's late husband, John Habib ("Habib"). (*See Ex Parte* Application Pursuant to 28 U.S.C. § 1782 for an Order to Take Discovery of Tanya Chuck for Use in a Foreign Proceeding ("Application") (Dkt. No. 2.)[1] On July 26, 2021, the Court granted the Application. (*See* Order (Dkt. No. 7).)

On September 20, 2021, Respondent replied to the subpoenas with a series of objections and produced 17 documents without waiving those objections. (*See* Aff. of Denise Quarles, Esq. in Supp. of Mot. to Quash Subpoenas Pursuant to 28 U.S.C. § 1782 ("Quarles Aff.") Ex. 3 (Dkt. No. 16-3); *see also* QLP's Mem. of Law in Opp'n to Mot. to Quash the Subpoenas Pursuant to

---

[1] On April 18, 2018, Applicant was awarded a Judgment in the amount of Emirati Dirham ("AED") 7,256,7662—approximately 1.98 million U.S. Dollars ("USD")—against Habib and MENA Bridge Advisors FZE ("MENA Bridge") by the Abu Dhabi Court of First Instance, Commercial Court (the "UAE Judgment"), captioned *The Law Offices of Sheikh Fahim Al Qasimi & Partners v. Habib, et al.*, 1098/2017. (*See* Application at 2.) In accordance with UAE law, Applicant commenced a proceeding in the UAE Execution Court to enforce the UAE Judgment ("UAE Enforcement Proceeding"), captioned *The Law Offices of Sheikh Fahim Al Qasemi & Partners v. Habib, et al.,* 3662/2018 (the "UAE Enforcement Proceeding"). (*See id.*) On March 11, 2021, prior to the conclusion of the UAE Enforcement Proceeding, Habib passed away. (*Id.*)

28 U.S.C. § 1782 ("QLP's Opp'n") at 5 (Dkt. No. 19).) On the same day, Respondent also filed a Motion to Quash the Subpoenas Pursuant to 28 U.S.C. § 1782 (the "Motion"). (*See* Not. of Mot. (Dkt. No. 16).) On October 5, 2021, Applicant filed its Opposition. (*See* QLP's Opp'n.)

Under § 1782, an applicant must establish the following requirements: "(1) that the person from whom discovery is sought reside[s] (or [can] be found) in the district of the district court to which the application is made, (2) that the discovery [is] for use in a proceeding before a foreign tribunal, and (3) that the application [is] made by a foreign or international tribunal or any interested person." *In re Edelman*, 295 F.3d 171, 175–76 (2d Cir. 2002) (citation and quotation marks omitted); *see also* 28 U.S.C. § 1782(a). "If these statutory factors are met, the Court 'may grant discovery under § 1782 in its discretion.'" *In re Polygon Glob. Partners LLP*, No. 21-MC-364, 2021 WL 2117397, at *3 (S.D.N.Y. May 25, 2021) (quoting *Kiobel v. Cravath, Swaine & Moore LLP*, 895 F.3d 238, 244 (2d Cir. 2018) (citation omitted)). "To guide district courts in the decision to grant a [§] 1782 petition," the Supreme Court in *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241 (2004) "discussed non-exclusive factors . . . to be considered in light of the twin aims of [§]1782: providing efficient means of assistance to participants in international litigation in our federal courts and encouraging foreign countries by example to provide similar means of assistance to our courts." *Kiobel*, 895 F.3d at 244 (citation and quotation marks omitted). These four factors are:

> (1) whether "the person from whom discovery is sought is a participant in the foreign proceeding," in which case "the need for § 1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant in the matter arising abroad," because "[a] foreign tribunal has jurisdiction over those appearing before it, and can itself order them to produce evidence;" (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance;" (3) "whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign

country or the United States;" and (4) "whether the discovery request is "unduly intrusive or burdensome."

*Id.* (quoting *Intel*, 542 U.S. at 264–65). "No single *Intel* factor is dispositive, or should be given more weight than the others." *In re Polygon*, 2021 WL 2117397, at *4 (quoting *Marubeni America Corp. v. LBA Y.K.*, 335 F. App'x 95, 97 (2d. Cir. 2009) (summary order)).

Respondent does not dispute that Applicant has met the first and third statutory requirements. (*See* Quarles Aff. Ex. 4 (Chuck's Mem. of Law in Supp. of Mot. to Quash Subpoenas Pursuant to 28 U.S.C. § 1782 ("Chuck's Mem.")) at 2–5 (Dkt. No. 16-4); *see also* QLP's Opp'n at 8.) That is, Chuck resides in this District, and QLP is an "interested party" because it is a claimant in the UAE Enforcement Proceeding. (*See* QLP Opp'n at 8; *see also* Application at 2.)[2]

Respondent argues that Applicant cannot meet the second requirement of the statute because they are not intended "for use in a proceeding before a foreign tribunal" and are instead intended only to "harass" Respondent. (Chuck's Mem. at 2–6.) Applicant counters that the "second requirement is satisfied because Applicant seeks documents and testimony from the Respondents for use as potential evidence in the UAE Enforcement Proceeding." (QLP's Opp'n at 8.) In support of its contention that the UAE Enforcement Proceeding is ongoing, QLP filed a Supplemental Notice containing an order issued by the UAE Execution Court on February 24, 2022, directing the Governor of the Central Bank of the UAE to seize any bank accounts in the UAE under Habib's name. (*See* QLP's Supp'l Not. Re. Mot. to Quash the Subpoenas Pursuant to 28 U.S.C. § 1782 ("QLP's Supp'l Not.") at 4 (Dkt. No. 20-1).)

> Jessie, what is "they"? The subpoenas?

---

[2] In the Application, QLP avers that Chuck resides at 515 Half Moon Bay Drive, Croton-on-Hudson NY 10520. (*See* Application at 2.)

3

In assessing the "for use" requirement, the Second Circuit focuses on "on the *practical ability* of an applicant to place a beneficial document—or the information it contains—before a foreign tribunal." *In re Accent Delight Int'l Ltd.*, 869 F.3d 121, 131 (2d Cir. 2017) (emphasis in original). "[T]he term 'for use' in [§] 1782 has only its ordinary meaning—that the requested discovery is 'something that will be employed with some advantage or serve some use in the proceeding.'" *Id*. at 132. (quoting *Mees v. Buiter*, 793 F.3d 291, 298 (2d Cir. 2015)). An applicant "need not show the discovery is necessary to prevail in the proceeding—only that it will be 'used at some stage.'" *In re Polygon*, 2021 WL 2117397, at *6 (quoting *Mees*, 793 F.3d at 301). "Nor is a[n] [applicant] required to establish that the materials sought will be admissible in the foreign proceeding." *Id.* (citing *Brandi-Dohrn v. IKB Deutsche Industriebank AG*, 673 F.3d 76, 82 (2d Cir. 2012)).

According to QLP, under UAE law, QLP will be entitled to present relevant information gleaned from the requested discovery to the UAE Execution Court to show: (1) "whether there are debts or assets owed to [] Habib and MENA Bridge and therefore, aid the UAE Enforcement Proceeding to seize those debts or assets to collect the [UAE] Judgement amount"; (2) whether "Habib or MENA Bridge improperly transferred funds . . . to avoid payment of the Judgment amount and if so, claw it back"; or (3) "whether there are any assets under the debtor's name" enabling the UAE Execution Court to "locate and seize the assets" in satisfaction of the UAE Judgment. (*See* QLP's Opp'n Ex. 1 (Decl. of Mohamed S. Alhammadi in Opp'n to Mot. to Quash Subpoenas Pursuant to 28 U.S.C. § 1782 ("Alhammadi Decl.")) ¶ 6 (Dkt. No. 19-1).) QLP further emphasizes that the UAE Execution Court is a "separate adjudicatory body from a UAE trial court" and that it has the authority to "adjudicate a variety of issues" such as "(a)

4

enforcing judgments and orders; (b) enforcing authenticated documents; (c) ratifying settlements; or (d) ratifying foreign judgments." (*Id.* ¶¶ 7–8.)

"[T]he Second Circuit makes clear that there is no categorical bar to [§] 1782 relief in connection with post-judgment proceedings." *In re YS GM Marfin II LLC*, No. 20-MC-182, 2022 WL 624291, at *7 (S.D.N.Y. Mar. 2, 2022) (citing *Fed. Republic of Nigeria v. VR Advisory Servs., Ltd.*, 25 F.4th 99, 2022 WL 557575 (2d Cir. 2022)).  In *Fed. Republic of Nigeria*, the Second Circuit distinguished *Euromepa, S.A. v. R. Esmerian, Inc.*, 154 F.3d 24 (2d Cir. 1998), in which the Second Circuit held that "there was no longer a qualifying 'proceeding' under the statute because the French equivalent of our *res judicata* doctrine prevented the French bankruptcy court from reconsidering the underlying merits of the dispute, and thus the discovery sought in the United States was no longer of any use in the matter for which it was originally sought." *Fed. Republic of Nigeria*, 25 F.4th at 158.  The instant case is similarly distinguishable from *Euromepa*.  In *Euromepa*, the petitioner sought discovery for use in its appeal of the judgment; in contrast, QLP seeks discovery in order to *enforce* the judgment—not to challenge the merits thereof.  *See Euromepa*, 154 F.3d at 26.  The instant case is also distinguishable from *Gorsoan Ltd. v. Sundlun*, 843 F. App'x 352 (2d. Cir. 2021) (summary order), which is cited by Respondent in her Memorandum.  (*See* Chuck's Mem. at 3.)  In *Gorsoan*, the applicant was "not seeking the discovery for use in the ongoing litigation in Cyprus but for use in a contempt proceeding that it may decide someday to bring." *Gorsoan*, 843 F. App'x at 354.  The Second Circuit found that the discovery sought was not "for use" in a foreign tribunal because it was "contingent on a finding of contempt" which was "too remote" a possibility to satisfy § 1782.

5

*Gorsoan*, 843 F. App'x at 354–55.[3]  In contrast, QLP seeks this discovery for use in an ongoing enforcement proceeding.  (*See* QLP's Opp'n at 8.)[4]

The Court turns next to the *Intel* discretionary factors.  The first factor—whether the party from whom discovery is sought is a participant in the foreign proceeding, *see Intel*, 542 U.S. at 264—weighs in favor of QLP because Chuck is not a party to the UAE Enforcement Proceeding.  The second factor pertains to the nature of the foreign tribunal, the character of the foreign proceedings, and the receptivity of relevant foreign authorities to U.S. federal court assistance.  *Id.* at 264.  In the Second Circuit, this factor requires "authoritative proof that a foreign tribunal would reject evidence obtained with the aid of [§] 1782 . . . as embodied in a forum country's judicial, executive or legislative declarations. . . . Courts are discouraged from speculating about the accepted practices and attitudes of foreign nations."  *In re Polygon*, 2021 WL 2117397, at *8 (citations and quotation marks omitted).  Respondent has presented no such evidence, and therefore this factor weighs in favor of Applicant.

The third factor asks whether the requests conceal an attempt to circumvent foreign proof gathering practices.  *See Intel*, 542 U.S. at 264–65.  Respondent cites *Glock v. Glock, Inc.*, 797 F.3d 1002, 1009 (11th Cir. 2015) in an attempt to argue that Applicant is using § 1782 as a ruse to "harass" her.  (Chuck's Mem. at 4.)  However, *Glock*, which simply found that parties may

---

[3] The Court notes that although a future proceeding can satisfy the "for use" requirement, it must be "within reasonable contemplation" and not "merely speculative."  *Certain Funds, Accts. &/or Inv. Vehicles v. KPMG, L.L.P.*, 798 F.3d 113, 124 (2d Cir. 2015) ("At a minimum, a § 1782 applicant must present to the district court some concrete basis from which it can determine that the contemplated proceeding is more than just a twinkle in counsel's eye.").

[4] QLP also states that it is "contemplating pursuing litigation against individual(s) who may have aided and abetted Mr. Habib in his wrongdoing while at QLP."  (QLP's at 4).  The Court notes that this is insufficient to satisfy the "for use" requirement because it is "merely speculative."  *See Certain Funds*, 798 F.3d at 124.

6

not "use foreign litigation as a ruse for obtaining discovery *in the United States* without complying with the usual procedures of the Federal Rules of Civil Procedure," see *Glock*, 797 F.3d at 1009, is inapplicable to the present case, because there is no litigation pending in the United States, (*see* QLP's Opp'n at 12.)  Thus, the third factor also weighs in favor of Applicant.

Finally, the fourth factor asks whether the requests are unduly intrusive or burdensome. *See Intel*, 542 U.S. at 264-65.  Respondent argues that the requests are unduly burdensome, pointing specifically to two of Applicant's requests, which ask for all communications between Habib and any QLP employee between March 1, 2017, and all communications between Chuck and any QLP employee between March 1, 2017.  (*See* Chuck's Mem. at 4.)[5]  QLP responds that it "seeks communications with a narrow group of individuals (former QLP employees) for a limited timeframe after Mr. Habib left the UAE.  Such a request is relevant and material to the location of Mr. Habib's assets which were diverted from QLP . . . ."  (QLP's Opp'n at 13.)

In *In re YS GM Marfin II LLC*, the court found that the applicants' discovery requests were not unduly intrusive or burdensome where the requests were "limited, seeking documents only related to [specific individuals] from January 1, 2018 to the present" and where the respondents did not "submit[] anything to substantiate their alleged burden or any estimate of their costs [and] failed to provide [the] [a]pplicants with any results of any searches for

---

[5] These requests specifically ask Respondent to:

13. Produce all Communication by and between John Habib and any individual that either was employed by QLP and/or is currently employed by QLP from March 1, 2017 to the time of his death earlier this year.

14. Produce all Communications by and between you and any individual that either was employed by QLP during your tenure at QLP and/or is currently employed by QLP for the period of March 1, 2017.

(S*ee* Application Ex. 2 ("Applicant's Discovery Requests") ¶¶ 13–14 (Dkt. No. 2-1).)

responsive documents." *In re YS GM Marfin II LLC*, 2022 WL 624291, at *11; *see also In re Polygon*, 2021 WL 2117397, at *11 ("Respondents have not identified with particularity why compliance would be burdensome."). Similarly, here, Applicant asks for documents in a limited time frame, and Respondent has not submitted anything to speicifically demonstrate her alleged burden.

This case is also distinguishable from *In re Ex Parte Application of Eni S.p.A.*, No. 20-MC-334, 2021 WL 1063390 (D. Del. Mar. 19, 2021), *reconsideration denied*, 2021 WL 2985171 (D. Del. July 15, 2021), which is cited by Respondent in favor of her Motion. (*See* Chuck's Mem. at 4). In that case, the court modified the discovery requests to be in accordance with a discovery order previously issued by the court. *In re Ex Parte Application of Eni S.p.A*, 2021 WL 1063390, at *6. Here, there is no such discovery order in place. However, courts in this district have noted that collection of communications such as emails can "particularly burdensome." *In re Application of CBRE Glob. Invs. (NL) B.V.*, No. 20-MC-315, 2021 WL 2894721, at *11 (S.D.N.Y. July 9, 2021). On balance, although the Respondent's argument is not without merit, the Court finds that it need only modify the discovery requests. *See In re Belparts Grp., N.V.*, No. 21-MC-0062, 2021 WL 4942134, at *7 (D. Conn. Oct. 22, 2021) ("Where discovery sought under § 1782 is unduly burdensome, the Second Circuit has instructed district courts to issue 'a limited grant of discovery,' where possible, rather than deny the application.") (quoting *Mees*, 793 F.3d at 302)). Accordingly, the Court modifies these discovery requests to cover only communications relevant to the location or transfer of Habib's assets. (*See* Applicant's Discovery Requests ¶¶ 13–14.)

8

In sum, Respondent's Motion is denied, except to the extent that Applicant's Discovery r Requests numbered 13 and 14 are modified. (*See supra.*)  Respondent is directed to comply with the subpoenas issued by QLP pursuant to 28 U.S.C. § 1782, as modified by this Order.  The Clerk of Court is respectfully directed to close the pending Motion.  (Dkt. No. 16.)

SO ORDERED.

DATED:    April 20, 2022
              White Plains, New York

                                                                          _____
                                                                          KENNETH M. KARAS
                                                                          UNITED STATES DISTRICT JUDGE